**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Michael David MISNER, Appellant.**

Superior Court of Pennsylvania.

Argued July 25, 2007.

Submitted Jan. 8, 2008.

Filed March 25, 2008.

Thomas K. Leslie, York, for appellant.

Lori A. Edwards, Assistant District Attorney, York, for Commonwealth appellee.

BEFORE: STEVENS, ORIE MELVIN, and BENDER, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of York County on April 10, 2006, following Appellant's plea of guilty to three (3) separate charges of driving under the influence of alcohol (DUI)[1] and various offenses. Herein, Appellant contends that the trial court erred in treating his DUI offenses as first, second, and third offenses and, in accordance therewith, sentencing him under mandatory minimum sentencing provisions. We disagree; consequently, we affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history of this case are as follows. On April 21, 2005, Appellant was charged with DUI and possession of drug paraphernalia. As a result of a later May 21, 2005 incident, Appellant was charged with a second DUI, careless driving, and failure to stop at a red signal. Thereafter, following an incident that occurred on November 19,

1. 75 Pa.C.S.A. § 3802.

2005, he was charged with a third DUI, restriction on alcoholic beverages, and purchase of an alcoholic beverage by a minor.[2] On February 15, 2006, Appellant entered a guilty plea to all charges.

¶ 3 On April 10, 2006, when Appellant appeared before the court for purposes of sentencing, the court first imposed a sentence for the April 21, 2005 incident; then, that of May 21, 2005; and, lastly, that of November 19, 2005. The court, having determined that each DUI constituted a separate offense, sentenced him pursuant to the mandatory sentence provisions for a first, second, and third offense. Appellant received an aggregate sentence of fifteen (15) months and three (3) days to ten and one-half (10½) years imprisonment in a state correctional institution.[3] He filed a post-sentence motion, seeking reconsideration of his sentence, which, following a hearing, was denied by the court. Appellant then filed the present appeal.[4]

¶ 4 Herein, Appellant raises the following question for review:

WHETHER THE TRIAL COURT ERRED IN ITS INTERPRETATION OF TITLE 75, CHAPTER 38 (DRIVING AFTER IMBIBING ALCOHOL) OF THE VEHICLE CODE WHEN IT SENTENCED THE APPELLANT TO MANDATORY SENTENCES UNDER 75 PA.C.S.A. § 3804(C)(1), (C)(2), AND (C)(3) FOR THE THREE DRIVING UNDER THE INFLUENCE OFFENSES UNDER 75 PA.C.S.A. § 3802(C) WITHOUT REGARD FOR THE PROVISIONS OF 75 PA.C.S.A. § 3806?

2. With the consent of the Commonwealth, this charge was withdrawn at Appellant's preliminary hearing.

3. Appellant was given a six (6) month term of probation for the possession of drug paraphernalia charge and was assessed fines and costs for the summary violations.

Brief of Appellant at 6 (suggested answer omitted).

¶ 5 The mandatory minimum sentence provisions of which Appellant complains is set forth in 75 Pa.C.S.A. § 3804 and provides, in relevant part, that:

(c) Incapacity; highest blood alcohol; controlled substances.—An individual who violates section 3802(a)(1) and refused testing of blood or breath or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 consecutive hours;

. . . .

(2) For a second offense, to:

(i) undergo imprisonment of not less than 90 days; . . . .

(3) For a third or subsequent offense, to:

(i) undergo imprisonment of not less than one year[.]

75 Pa.C.S.A. § 3804(c).

¶ 6 Appellant argues that the court's treatment of his DUI offenses as first, second, and third offenses and, thereby, sentencing him pursuant to the above provisions was violative of the dictates of 75 Pa.C.S.A. § 3806. In support of this contention, Appellant asserts that "when the first DUI occurred on April 21, 2005, he had no prior convictions, when the second DUI occurred on May 21, 2005, he had no prior convictions, and when the final DUI occurred on November 19, 2005, he did not

4. Appellant filed a statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa.R.A.P. 1925(a).

have any prior convictions." Brief of Appellant at 10.

¶ 7 In addressing Appellant's claim, we turn to § 3806, which deals with prior offenses. This section provides, in relevant part, as follows:

(a) **General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **before the sentencing on the present violation** for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S.A. § 3806(a) (emphasis added).

¶ 8 In the case *sub judice*, Appellant was already convicted of his first DUI prior to being sentenced on his second DUI; likewise, he was convicted of his second DUI prior to being sentenced on his third DUI.[5] Therefore, we find that a plain reading of § 3806 indicates that the court properly treated Appellant's DUI offenses for sentencing purposes. *See Commonwealth v. Nieves,* 935 A.2d 887 (Pa.Super.2007); *Commonwealth v. Stafford,* 932 A.2d 214 (Pa.Super.2007).

¶ 9 Based on the foregoing, the judgment of sentence is affirmed.

¶ 10 Affirmed.

---

**5.** As noted by the Commonwealth, "If the Appellant's interpretation of the law were correct, the Commonwealth would be penalized in allowing the defendant to plead to all of his charges at one time." Brief of Commonwealth at 14.