COMMONWEALTH of Pennsylvania

v.

Christine L. NIEVES, Appellant.

Superior Court of Pennsylvania.

Submitted April 30, 2007.

Filed Oct. 5, 2007.

Reargument Denied Dec. 7, 2007.

Justin J. McShane, Harrisburg, for appellant.

Seth F. Bortner, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: STEVENS, GANTMAN and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Christine L. Nieves appeals from the November 1, 2006, judgment of sentence of 13 to 60 months imprisonment imposed after she pled guilty to driving under the influence of alcohol in violation of 75 Pa. C.S.A. § 3802, **Driving under influence of alcohol or controlled substance (c) Highest rate of alcohol.** The court having determined appellant had two prior DUI convictions within the past ten years, she was sentenced under the mandatory minimum sentencing provisions of the Vehicle Code, 75 Pa.C.S.A. § 3806, **Prior offenses.** We affirm the judgment of sentence.

¶ 2 The relevant facts and procedural history of this case are as follows. On January 28, 2006, appellant was arrested and charged with DUI in violation of 75 Pa.C.S.A. § 3802(b) **High rate of alcohol.** Record, Part 1, No. 3. Appellant subsequently was charged with DUI in violation of section 3804(c) as a result of another arrest on June 30, 2006. Record, Part 2, No. 3. These charges were docketed as case numbers CP–67–CR–0003879–2006 and CP–67–CR–0005656–2006, respectively, in the York County Court of Common Pleas. Appellant's criminal history reveals she also was convicted of DUI on two prior occasions, with the most recent conviction

occurring on June 17, 1998, within the 10–year look-back provision in section 3806.

¶ 3 On September 26, 2006, appellant pled guilty to DUI in case numbers CP–67–CR–0003879–2006 and CP–67–CR–0005656–2006, and sentencing was deferred in each case until November 2006. Record, Part 1, No. 2; Record, Part 2, No. 7. Appellant was sentenced on case number CP–67–CR–0003879–2006 to 30 to 180 days imprisonment and a $750 fine. Record, Part 1, No. 11. She was sentenced on case number CP–67–CR–0005656–2006 to a concurrent term of 13 to 60 months imprisonment and a $2,500 fine. Record, Part 2, No. 9. The sentences imposed reflected the court's assessment that CP–67–CR–0003879–2006 and CP–67–CR–0005656–2006 constituted appellant's second and third DUI offenses and were designed to provide the mandatory minimum term of imprisonment on each count while leaving the balance of supervision at five years. N.T., Sentencing, 11/1/06, at 6–7. Appellant filed this timely appeal on November 28, 2006. Record, Part 1, No. 12; Record, Part 2, No. 11.

¶ 4 Appellant raises only one issue for our review:

> Whether the trial/sentencing court erred when it treated the appellant at the time of her sentencing at CP–67–CR–0005656–2006 as a third offense DUI offender for sentencing purposes when based upon the record, the appellant entered simultaneous pleas of guilty to two (2) second offense DUIs and as such, the trial/sentencing court should have treated the sentencing at docket CP–67–CR–0005656–2006 as a ninety (90) day mandatory minimum case and not as a one (1) year mandatory minimum?

Appellant's brief at 5. Appellant maintains the proper statutory interpretation of 75 Pa.C.S.A. § 3806 requires that CP–67–CR–0003879–2006 and CP–67–CR–0005656–2006 "be treated as second offenses for sentencing purposes." *Id.* at 11. We disagree.

¶ 5 Generally, the "[i]mposition of sentence is vested within the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion." *Commonwealth v. Griffin,* 804 A.2d 1, 7 (Pa.Super.2002) (citation omitted). A challenge to a sentencing court's application of a mandatory sentencing provision, however, implicates the legality, not the discretionary, aspects of sentencing. *Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280 (2000). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Williams,* 868 A.2d 529, 532 (Pa.Super.2005) (citations omitted).

¶ 6 This case concerns the sentencing court's interpretation of the mandatory minimum sentencing provisions set forth in section 3806 of the Vehicle Code. In relevant part, this section provides:

> **(a) General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition *before the sentencing on the present violation* for any of the following:
>
> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>
> . . .
>
> **(b) Repeat offenses within ten years.**—The calculation of prior offenses

for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:

(1) an offense under section 3802;

. . .

75 Pa.C.S.A. § 3806(a), (b) (emphasis added).

¶ 7 In accordance with the recently filed Opinion in *Commonwealth v. Stafford,* 2007 PA Super 259, 932 A.2d 214, we find that a plain reading of section 3806(a) indicates the court correctly treated case number CP–67–CR–0005656–2006 as a third DUI offense for sentencing purposes. Stafford, like appellant in this matter, pled guilty to two DUI charges on the same day and on a later date was sentenced on both convictions with the sentencing court treating one of the convictions as a prior conviction for purposes of section 3804. "[W]hile the appellant was sentenced for both DUIs on the same day at the same hearing, the two DUI offenses nevertheless were legally separate and distinct." *Id.* at ¶ 8. Pursuant to section 3806(a), the point when a prior conviction becomes a "prior offense" for sentencing purposes is when there was a disposition prior to sentencing on the current violation. Here, the court accepted appellant's two guilty pleas simultaneously, but sentenced appellant on each charge separately pursuant to section 3806. Thus, appellant already had been convicted in case number CP–67–

CR–0003879–2006 prior to sentencing in case number CP–67–CR–0005656–2006, and under the plain meaning of section 3806(a), CP–67–CR–0003879–2006 is clearly a "prior offense." [1] *See Stafford, supra.*

¶ 8 Moreover, we reject appellant's contention that section 3806(b) is controlling and essentially nullifies the plain language of section 3806(a) by replacing the phrase "sentencing on the present violation" with the term "present violation." *See* Appellant's brief at 11–12, 17. Contrary to appellant's interpretation, section 3806(a) is the benchmark for determining when a prior violation is to be considered a "prior offense." The purpose of section 3806(b) is to merely provide courts with a means to determine which prior offenses occurred within 10–year look-back period of the present violation, and therefore, whether the mandatory sentences relating to the prior offenses apply. As the court stated in its Opinion,

> [T]he defendant's reading of Section 3806 essentially completely emasculates what purports to be the "general rule." If a Subsection (b) is read as defendant suggests, what is indicated to be the general rule essentially has no application whatsoever and Subsection (b) would control for 99% of the matters covered in regard to prior offenses.
>
> The Court does not believe that the legislature would have set forth what was stated to be a general rule in Subsection (a) and then in Subsection (b) totally nullify the provisions of Subsection (a).

Trial Court Opinion, Chronister, J, 1/23/07, at 2–3. Accordingly, we find the sentencing court properly sentenced appellant as

---

**1.** The September 26, 2006, guilty plea transcript indicates the parties agreed that appellant would enter a guilty plea to both DUI charges that day, with sentencing to be deferred until a later date. Such consolidation is not unusual and indeed, is in the interest of judicial economy.

a third offense DUI offender, and we reject appellant's claim of trial court error.

¶ 9 Judgment of sentence affirmed.

¶ 10 GANTMAN, J., files a Concurring Statement.

CONCURRING STATEMENT BY GANTMAN, J.:

¶ 1 Frankly, I think that 75 Pa.C.S.A. § 3806 is no model of clarity. Although subsection (a) provides a definition of "prior offense," subsection (a) is plainly modified by subsection (b). Subsection (b) suggests a recidivist philosophy because subsection (b) calculates "repeat offenses" as dispositions occurring within ten years before the present offense **occurred**. Nevertheless, we are bound by the *Stafford* decision. Accordingly, I respectfully concur in the result reached in the present case.