**Travis James GIGOUS, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 2008.

Decided March 2, 2009.

Steve Rice, Gettysburg, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

The issue in this driver's license suspension appeal is whether Travis James Gigous (Licensee) is a first-time offender and therefore not subject to license suspension for a violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1) (driving under the influence of alcohol or controlled substance (DUI), general impairment). Licensee appeals an order of the Court of Common Pleas of Adams County (trial court) that upheld a 12–month suspension of his operating privileges because he had a prior offense. Upon review, we affirm.

Authorities charged Licensee with DUI for an incident occurring on April 13, 2006, in Adams County (Adams County DUI violation). While charges relating to the first DUI violation were pending, authorities charged Licensee with a second DUI for an incident occurring on May 20, 2007, in neighboring Franklin County (Franklin County DUI violation).

On August 1, 2007, a court placed Licensee in Alternative Rehabilitative Disposition (A.R.D.) for the Franklin County DUI violation. Finally, on January 3, 2008, Licensee pled guilty to the Adams County DUI violation.

Based on this information, PennDOT determined Licensee had a prior DUI offense and therefore suspended Licensee's operating privileges for 12 months pursuant to 75 Pa.C.S. § 3804(e)(2)(i) for the Adams County DUI violation. Licensee filed a statutory appeal with the trial court.

Before the trial court, Licensee argued that PennDOT misapplied 75 Pa.C.S. § 3806(a) in determining he had a prior DUI offense. Licensee asserted 75 Pa. C.S. § 3806(b) (repeat offenses within 10 years) controlled the "look-back" period for determining prior offenses. Section 3806(b) calculates a prior offense as any disposition of an offense within 10 years before the present violation *occurred*. Thus, according to Licensee, PennDOT could not consider Licensee's A.R.D. placement for the Franklin County DUI violation a prior offense, because the violation *occurred after* the Adams County DUI violation. Claiming no pre-occurrence offense, Licensee asserted he qualified for a special first-offender non-suspension treatment under 75 Pa.C.S. § 3804(e)(2)(iii).

The esteemed trial court disagreed and held the general rule in Section 3806(a) controlled the outcome. Unlike Section 3806(b), the general rule in Section 3806(a) counts a prior offense when the disposition of the offense occurred "before the *sentencing on the present violation ....*" 75 Pa.C.S. § 3806(a) (emphasis added). Thus, the relevant inquiry is not the timing of violations, but the timing of sentencing. In reaching this conclusion, the trial court found persuasive Superior Court decisions on the same issue that reached the same result in the criminal context. *See, e.g., Commonwealth v. Nieves,* 935 A.2d 887 (Pa.Super.2007), *appeal denied,* 597 Pa. 714, 951 A.2d 1162 (2008).

On appeal,[1] Licensee argues PennDOT lacked sufficient evidence to prove he had a prior offense to justify the suspension of his operating privileges because Section 3806(b) controls the determination of prior offenses. Licensee asserts the Superior Court wrongly decided *Nieves* and invites this Court to reach a contrary result.

In response, PennDOT first argues Licensee failed to rebut prima facie evidence he was not sentenced under 75 Pa.C.S. § 3804(a)(1) (penalties for first-time DUI offenders); therefore, he was not eligible for the special first-offender no-suspension sentence in 75 Pa.C.S. § 3804(e)(2)(iii). Further, PennDOT urges this Court to adopt the Superior Court's persuasive interpretation of Section 3806.

Section 3806 of the Vehicle Code, relating to prior offenses, provides:

(a) **General rule.**—Except as set forth in subsection (b), the term *"prior offense"* as used in this chapter *shall mean* a conviction, adjudication of delinquency, juvenile consent decree, *acceptance of Accelerated Rehabilitative Disposition* or other form of preliminary disposition *before the sentencing on the present violation* for any of the following:

---

1. Our review is limited to determining whether the trial court committed an error of law or abused its discretion, and whether necessary findings of fact were supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing,* 954 A.2d 761 (Pa.Cmwlth.2008).

(1) an offense under section 3802 (relating to *driving under influence of alcohol or controlled substance)....*

\* \* \*

**(b) Repeat offenses within ten years.**—*The calculation of prior offenses for purposes of sections* 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and *3804 (relating to penalties) shall include* any conviction, adjudication of delinquency, juvenile consent decree, *acceptance of Accelerated Rehabilitative Disposition* or other form of preliminary disposition *within the ten years before the present violation occurred for* any of the following:

(1) *an offense under section 3802* ....

\* \* \*

75 Pa.C.S. § 3806 (emphasis added).

Licensee argues subsection (b) clearly modifies subsection (a), and therefore controls the determination of prior offenses in license suspension cases.

In *Nieves,* the Superior Court rejected the construction of Section 3806 proposed by Licensee. The Superior Court reasoned in part:

> [S]ection 3806(a) is the benchmark for determining when a prior violation is to be considered a 'prior offense.' The purpose of [S]ection 3806(b) is to merely provide courts with a means to determine which prior offenses occurred within 10–year look-back period of the present violation, and therefore, whether the mandatory sentences relating to the prior offenses apply.

*Nieves,* 935 A.2d at 889. The Superior Court disagreed with an interpretation which would cause Section 3806(a), the general rule, to have essentially no application-a result the legislature could not have intended. *Id.; see also Commonwealth v. Misner,* 946 A.2d 119 (Pa.Super.2008); *Commonwealth v. Stafford,* 932 A.2d 214 (Pa.Super.2007). Thus, a plain reading of the statute indicates subsection (a) controls for determining prior offenses.

Here, we agree with the Superior Court; consequently, we conclude PennDOT properly treated Licensee's A.R.D. acceptance for the Franklin County DUI violation as a prior offense to the Adams County DUI violation. Licensee's suggested reading would violate the principle of construction that, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). We do not believe the legislature would enact a general rule in subsection (a), only to negate it in subsection (b).

Moreover, we agree with the Superior Court's observation in *Nieves* that the repeat offenses provision in Section 3806(b) applies to the mandatory sentencing scheme for DUI offenses. Thus, for general impairment offenses, a first-time offender may be sentenced to undergo a mandatory minimum term of six months probation, a second-time offender must undergo imprisonment for not less than five days, and a third-time offender must undergo imprisonment for not less than 10 days. 75 Pa.C.S. § 3804(a).[2] Section 3806(b) applies in this context.

---

**2.** By comparison, for DUI offenses that involve injury or death or a high rate of blood alcohol, a first-time offender must undergo imprisonment of not less than 48 consecutive hours, a second-time offender must undergo imprisonment of not less than 30 days, a third-time offender must undergo imprison-

ment of not less than 90 days. 75 Pa.C.S. § 3804(b).

For further comparison, for DUI offenses that involve refusal of testing or the highest rate of blood alcohol, a first-time offender must undergo imprisonment of not less than *72 consecutive hours,* a second-time offender must undergo imprisonment of not less than

PennDOT suspended Licensee's operating privileges pursuant to Section 3804(e)(2)(i) of the Vehicle Code. This subsection requires a 12-month suspension for a conviction under Section 3802(DUI). *See* 75 Pa.C.S. § 3804(e)(2)(i). The legislature provided an exception to this general punishment where licensees are convicted of an ungraded misdemeanor under Section 3802(a), *have no prior offenses,* and are subject to the penalties provided in Section 3804(a). 75 Pa.C.S. § 3804(e)(2)(iii); *Glidden v. Dep't of Transp., Bureau of Driver Licensing,* 962 A.2d 9 (Pa.Cmwlth. 2008). Though Licensee was convicted of an ungraded misdemeanor, he fails to satisfy the second condition necessary to qualify for the no-suspension exception.

Here, before he was sentenced for the Adams County DUI violation, Licensee accepted A.R.D. for the Franklin County DUI violation. Thus, Licensee had a prior offense at the time of sentencing, as defined by Section 3806(a), and cannot satisfy this condition of the no-suspension exception. PennDOT properly suspended Licensee's operating privileges for 12 months. Accordingly, we affirm the trial court.

### ORDER

AND NOW, this 2nd day of March, 2009, the order of the Court of Common Pleas of Adams County is **AFFIRMED.**

### DISSENTING OPINION BY Senior Judge KELLEY.

I respectfully dissent. The Majority fails to give effect to the plain, express language of Section 3806 of the Vehicle Code, 75 Pa.C.S. § 3806.

The Majority's expression of disbelief that the General Assembly would enact a general rule in subsection (a) of Section 3806, only to negate its application in relation to subsection (b), is flatly contradicted by the clear, unambiguous language of the statute itself:

> (a) General rule.—**Except as set forth in subsection (b),** the term prior offense as used in this chapter shall mean
> . . .

75 Pa.C.S. § 3806(a) (emphasis added). There can be no more clearly intended legislative expression of an exception to subsection (a)'s general rule than the phrase employed by the General Assembly in the first sentence of the subsection. Any construal of the entirety of Section 3806 as providing for the application of subsection (a) to the case *sub judice*—the calculation of Licensee's prior offenses, if any, pursuant to Section 3802 [1]—directly and brazenly contradicts the clear, unambiguous language of Section 3806 as a whole.

In *Commonwealth v. Nieves,* 935 A.2d 887 (Pa.Super.2007), *petition for allowance of appeal denied,* 597 Pa. 714, 951 A.2d 1162 (2008), relied upon by the Majority, Judge Gantman noted in her concurring statement:

> Frankly, I think that 75 Pa.C.S.A. § 3806 is no model of clarity. Although subsection (a) provides a definition of prior offense, subsection (a) is plainly modified by subsection (b). Subsection (b) suggests a recidivist philosophy because subsection (b) calculates repeat offenses as dispositions occurring within ten years before the present offense **occurred.** Nevertheless, we are bound by

*90 days,* and a third-time offender must undergo imprisonment of not less than *one year.* 75 Pa.C.S. § 3408(c). *See Glidden v. Dep't of Transp., Bureau of Driver Licensing,* 962 A.2d 9 (Pa.Cmwlth.2008).

1. 75 Pa.C.S. § 3802.

the [*Commonwealth v. Stafford*, 932 A.2d 214 (Pa.Super.2007)] decision. *Nieves*, 935 A.2d at 890 (concurring statement by Gantman, J.) (emphasis in original). Notwithstanding the respect due to our colleagues on Superior Court, I note that this Court is not constrained to follow *Stafford*, and is not addressing, as both *Nieves* and *Stafford* did, criminal sentencing, or simultaneous convictions. Notwithstanding Judge Gantman's astute observation regarding the clarity, or lack thereof, within Section 3806, that section is quite clear in its application to this matter.

Judge Gantman raises a salient point in emphasizing that the General Assembly specifically chose as a reference point for determining prior offenses, under subsection (b), the period of "ten years before the present **violation occurred** ..." 75 Pa.C.S. § 3806(b) (emphasis added). The composition of the remaining portions of both subsections (a) and (b) of Section 3806 demonstrate the General Assembly's intention to differentiate between a "conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary *disposition*," and a "*violation.*" 75 Pa.C.S. 3806(a) and (b) (emphasis added). We can, as a matter of statutory interpretation, only conclude that the General Assembly expressly intended to differentiate between a date of disposition, and a date of violation, in choosing the latter for the reference point in determining prior offenses under Section 3806. Similarly, we cannot, again as a matter of basic statutory interpretation, disregard the General Assembly's choice of the *occurrence* of a violation, rather than the disposition thereof, as the foundation of prior offense determination. Any other interpretation of this Section serves to ig-

nore the plain and express meaning of the language chosen by the General Assembly.

The plain language of Section 3806(a) expressly excepts from the determination of prior offenses repeat offenses as articulated in subsection (b), including those under Section 3804,[2] as is applicable to the instant matter. The plain language of subsection (b) of Section 3806 expressly defines the date of occurrence of the present *violation*, and not any *disposition*, as the triggering date from which the ten year look-back should commence. It is axiomatic that when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921. Further, as our Supreme Court has stated, our Courts, in interpreting statutory language, must give effect to the meaning of each distinct word as chosen by the General Assembly. *Freundt v. Department of Transportation*, 584 Pa. 283, 883 A.2d 503 (2005).

Accordingly, I would reverse.