Travis James GIGOUS, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 2010.
Decided June 30, 2010.
Publication Ordered Aug. 19, 2010.

Steve Rice, Gettysburg, for appellant.

Terrance M. Edwards, Asst. Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

This case is before us on remand for reconsideration in light of the Supreme Court's decision in *Commonwealth v. Haag*, 603 Pa. 46, 981 A.2d 902 (2009) (when presented with two or more violations of 75 Pa.C.S. § 3802 (DUI), before applying recidivist sentencing provisions of DUI statutes, a sentencing court must first ascertain whether *conviction* on the first violation occurred before the offender *committed* the second offense). Although the Department of Transportation, Bureau of Driver Licensing (Bureau) concedes that in view of *Haag,* Travis James Gigous (Licensee) had no prior DUI conviction at the time he committed his 2006 DUI offense, the Bureau nevertheless argues it properly suspended Licensee's operating privilege because he failed to establish he was subject to the penalties in 75 Pa.C.S. § 3804(a)(1) (general impairment; first offense). Upon reconsideration, we reverse the order of the Court of Common Pleas of Adams County (trial court) affirming the suspension.

In *Gigous v. Department of Transportation, Bureau of Driver Licensing,* 966 A.2d 1200 (Pa.Cmwlth.2009), *vacated and remanded,* —— Pa. ——, 990 A.2d 1147 (2010) (*Gigous I* ), we recognized the issue before the Court was whether Licensee qualified as a first-time offender and was therefore not subject to suspension for a violation of 75 Pa.C.S. § 3802(a)(1) (DUI, general impairment). *See Glidden v. Dep't of Transp., Bureau of Driver Licensing,* 962 A.2d 9 (Pa.Cmwlth.2008) (pursuant to 75 Pa.C.S. § 3804(e)(2)(iii), no suspension for an ungraded misdemeanor where person had no prior offense and was subject to the penalties in 75 Pa.C.S. § 3804(a)(1)).

As we noted in *Gigous I*, the Commonwealth charged Licensee with DUI for an incident occurring in April 2006, in Adams County (2006 offense). While those charges were pending, the Commonwealth charged Licensee with a second DUI for an incident occurring in May 2007, in neighboring Franklin County (2007 offense).

In August 2007, a court placed Licensee in Alternative Rehabilitative Disposition (ARD) for the 2007 offense. Thereafter, in January 2008, Licensee pled guilty to the 2006 offense.

Based on this information, the Bureau determined Licensee had a prior DUI offense. It suspended Licensee's operating privileges for 12 months pursuant to 75 Pa.C.S. § 3804(e)(2)(i) for the 2006 offense. Licensee filed a statutory appeal.

Before the esteemed trial court, Licensee argued the Bureau misapplied 75 Pa.C.S. § 3806(a) in determining he had a prior DUI offense. He asserted 75 Pa.C.S. § 3806(b) (repeat offenses within 10 years) controlled the "look-back" period for determining prior offenses. Section 3806(b) calculates a prior offense as any disposition of an offense within 10 years before the present *violation occurred.* Thus, according to Licensee, the Bureau could not consider Licensee's ARD placement for the 2007 offense as a prior offense, because the *violation occurred after* the 2006 offense. Claiming no pre-occurrence offense, Licensee asserted he qualified for non-suspension treatment under 75 Pa.C.S. § 3804(e)(2)(iii).

However, the trial court disagreed and held the general rule in Section 3806(a) controlled the outcome. Unlike Section 3806(b), the general rule in Section 3806(a) counts a prior offense when the disposition of the offense occurred "before the *sentencing on the present violation* ...." 75 Pa.C.S. § 3806(a) (emphasis added). Thus, the trial court reasoned, the relevant inquiry is not the timing of violations, but the *timing of sentencing.* In reaching this conclusion, the trial court found persuasive Superior Court decisions on the same issue that reached the same result in the criminal context. *See, e.g., Commonwealth v. Nieves,* 935 A.2d 887 (Pa.Super.2007), *appeal denied,* 597 Pa. 714, 951 A.2d 1162 (2008), *overruled in part by Commonwealth v. Haag,* 603 Pa. 46, 981 A.2d 902 (2009). Accordingly, the trial court affirmed the suspension.

■ On appeal here, Licensee argued the Bureau lacked sufficient evidence to prove he had a prior offense justifying the suspension of his operating privilege because Section 3806(b) controls the determination of prior offenses. He asserted subsection (b) clearly modifies subsection (a), and therefore controls the determination of prior offenses in license suspension cases. Thus, Licensee maintained the Superior Court wrongly decided *Nieves* and invited this Court to reach a contrary result.[1]

In response, the Bureau argued Licensee failed to rebut *prima facie* evidence that he was not sentenced under 75 Pa.C.S. § 3804(a)(1) (penalties for first-time DUI offenders); therefore, he was not eligible for the no-suspension exception in 75 Pa.C.S. § 3804(e)(2)(iii). Further, the Bureau urged this Court to adopt the *Nieves* Court's interpretation of 75 Pa.C.S. § 3806 (prior offenses).

Section 3806 provides:

---

1. Our review is limited to determining whether the trial court committed an error of law or abused its discretion, and whether necessary findings of fact were supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing,* 954 A.2d 761 (Pa.Cmwlth.2008).

**(a) General rule.**—*Except as set forth in subsection (b),* the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance) . . . .

\* \* \*

**(b) Repeat offenses within ten years.**—The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and *3804 (relating to penalties) shall include* any conviction, adjudication of delinquency, juvenile consent decree, *acceptance of Accelerated Rehabilitative Disposition* or other form of preliminary disposition *within the ten years before the present violation occurred for* any of the following:

(1) *an offense under section 3802* . . . .

\* \* \*

75 Pa.C.S. § 3806 (emphasis added).

Agreeing with the Bureau, we noted the Superior Court in *Nieves* rejected the construction of Section 3806 proposed by Licensee. It reasoned:

> [S]ection 3806(a) is the benchmark for determining when a prior violation is to be considered a "prior offense." The purpose of [S]ection 3806(b) is to merely provide courts with a means to determine which prior offenses occurred within 10–year look-back period of the present violation, and therefore, whether the mandatory sentences relating to the prior offenses apply.

935 A.2d at 889. *See also Commonwealth v. Misner,* 946 A.2d 119 (Pa.Super.2008)

overruled in part by *Commonwealth v. Haag,* 603 Pa. 46, 981 A.2d 902 (2009) (although licensee had no prior DUI convictions on the day he pled guilty to three separate DUI offenses, the sentencing court properly treated licensee's first and second convictions as prior offenses); *Commonwealth v. Stafford,* 932 A.2d 214 (Pa.Super.2007) *overruled in part by Commonwealth v. Haag,* 603 Pa. 46, 981 A.2d 902 (2009) (same). Thus, the *Nieves* Court reasoned, a plain reading of the statute indicates subsection (a) controls for determining prior offenses.

In *Gigous I,* we agreed with the Superior Court. We therefore based our analysis on the date of sentencing, and we concluded the Bureau properly treated Licensee's ARD acceptance for the 2007 offense as a prior offense to the 2006 offense. Ultimately, we determined the Bureau properly suspended Licensee's operating privileges for 12 months pursuant to Section 3804(e)(2)(i) of the Vehicle Code. This subsection requires a 12–month suspension for an ungraded misdemeanor or second degree misdemeanor DUI. Although Licensee was convicted of an ungraded misdemeanor, we determined he failed to satisfy the second condition (*no prior offenses*) necessary to qualify for the no-suspension exception. As such, we affirmed the trial court. *Gigous I.* Thereafter, Licensee filed a petition for allowance of appeal.

Subsequent to our decision in *Gigous I,* the Supreme Court decided *Haag.* In *Haag,* the licensee was arrested at 11:40 p.m. and subsequently charged with DUI under 75 Pa.C.S. § 3802(c) (highest rate of alcohol). At approximately 1:00 a.m., after being released to the custody of his wife, the police again spotted licensee driving. The police arrested him again and charged him with a second DUI offense under 75 Pa.C.S. § 3802(b) (high rate of alcohol).

Following a bench trial, the court found licensee guilty of two separate DUI violations. The court sentenced licensee to a minimum of 72 hours in prison for the 11:40 p.m. offense and a minimum of 30 days in prison for the 1:00 a.m. offense. Ultimately, the Supreme Court determined a plain interpretation of the language in 75 Pa.C.S. § 3806 indicates the specific rule in Section 3806(b) overrides the general rule in Section 3806(a). In *Haag*, the Court explained:

> Under subsection (a), the "general rule," a "prior offense" is one for which conviction has occurred "before **sentencing** on the present" violation in question. 75 Pa.C.S. § 3806(a). By significant and ultimately dispositive contrast, under the more specific subsection (b), a "prior offense" is one for which conviction has occurred "within ten years **before** the present [Section 3802 or other] **violation occurred.**" 75 Pa.C.S. § 3806(b). . . .
>
> Section 3806(a) expressly yields to Section 3806(b) when the latter is applicable: "**Except as set forth in subsection (b)** . . . ." (emphasis supplied). Thus, as in the present case, for purposes of imposing sentence under Section 3804, when a sentencing court is required to determine whether there has been a "prior Section 3802 offense" within ten years of another Section 3802 offense, the court must apply Section 3806(**b**).

> \*     \*     \*

Thus, for purposes of applying the recidivist sentencing provisions of the DUI statute, when presented with two or more Section 3802 DUI violations, a sentencing court must first ascertain whether conviction on the first violation **occurred before** the offender **committed** the subsequent offense. If no conviction on that previous violation had

occurred by the time the offender committed the subsequent violation, pursuant to Section 3806(b), the offender cannot be sentenced as a recidivist on the subsequent violation. To the extent their holdings are contrary, we specifically disapprove of *Misner, Nieves* and *Stafford, supra.*

981 A.2d at 905–07 (bolding in original). Based on its analysis, the Supreme Court vacated the lower court's judgment of sentence and remanded for resentencing.

Thereafter, the Supreme Court granted Licensee's petition for allowance of appeal in the present case, vacated our order in *Gigous I* and remanded for reconsideration in light of *Haag.*

■ On remand, the Bureau acknowledges that in view of *Haag*, we must conclude Licensee, at the time of his 2006 offense, had no prior DUI offense justifying a suspension of his operating privilege. Although Licensee's ARD placement for the 2007 offense occurred prior to sentencing on the 2006 offense, the 2006 offense occurred before the 2007 offense. Therefore, in accord with the plain language of 75 Pa.C.S. § 3806(b), we hold Licensee's 2007 offense could not be considered a prior offense for purposes of sentencing following Licensee's guilty plea to the 2006 offense. *Haag.*

■ Nonetheless, the Bureau argues on remand that its suspension remains valid because Licensee failed to establish he was sentenced to the penalties in 75 Pa.C.S. § 3804(a)(1) (penalties for first-time offenders; general impairment). As noted, 75 Pa.C.S. § 3804(e)(2)(iii) provides, "There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense."

Although the Bureau agrees Licensee was sentenced to an ungraded misdemeanor and had no prior offenses, the Bureau contends the record does not indicate Licensee was sentenced to the penalties in 75 Pa.C.S. § 3804(a)(1). The Bureau notes Licensee did not introduce the sentencing court's January 2008 order into evidence at hearing on the suspension appeal.

The Bureau asserts the record reflects that the Adams County Clerk of Courts (clerk of courts) indicated on the Bureau's DL–21 form (Report of the Clerk of Courts Showing Conviction or Acquittal of Any Violation of the Vehicle Code) that Licensee was *not* sentenced under 75 Pa. C.S. § 3804(a)(1). *See* Commonwealth Ex. 1 at # 2. The Bureau argues that absent any evidence to the contrary, this report is presumed accurate. *See Powell v. Middletown Twp. Bd. of Supervisors*, 782 A.2d 617 (Pa.Cmwlth.2001) (it is presumed that public officials act in accordance with the law until proven otherwise).

The Bureau further notes that 75 Pa. C.S. § 3804(a)(1) requires a first offender to (a) undergo a mandatory minimum term of six months' probation; (b) pay a fine of $300; (c) attend alcohol highway safety school; and (d) comply with drug and alcohol treatment requirements. Here, the Bureau suggests that the clerk of courts may have reviewed the sentencing order and determined Licensee was not sentenced to all the requirements of 75 Pa. C.S. § 3804(a)(1). More specifically, the

Bureau asserts the sentencing order at issue, attached to Licensee's remand brief, does not mention attendance at alcohol highway safety school or compliance with a drug and alcohol treatment program.[2] In any event, the Bureau argues Licensee waived any challenge to the validity of the clerk of courts' report by not submitting any rebuttal evidence or timely addressing this issue in a reply brief.

Licensee counters that the record below was created by agreement. The parties stipulated Licensee pled guilty to DUI under 75 Pa.C.S. § 3802(a)(1) and was sentenced to six months' probation. Only 75 Pa.C.S. § 3804(a)(1), Licensee asserts, would permit such a sentence. Licensee further asserts the DL–21 form identifies the charge as "DUI: Gen Imp/Inc of Driving Safely—1st Off." Commonwealth Ex. 1 at # 2. The form further identifies the violation as "M–Ungraded." *Id.* The only section under which a person convicted of this offense could be sentenced is 75 Pa. C.S. § 3804(a)(1).

Licensee further argues the reality is that sentencing courts in DUI cases do not generally indicate under what section a defendant is sentenced, but often do state under what section a defendant is charged. Licensee suggests that absent judicial guidance, a clerk made an understandable mistake. However, the sentence itself, and the nature of the conviction, are clear and convincing evidence that Licensee was sentenced under 75 Pa.C.S. § 3804(a)(1).

2. Licensee's sentencing order, dated January 3, 2008, provides:

AND NOW, this 3rd day of January, 2008, the Defendant appeared with counsel and entered a plea of guilty to Count 4, driving under the influence under Section 3802(a)(1) of the Vehicle Code as a first offense and as an ungraded misdemeanor.

The Sentence of the Court is that the Defendant shall be placed on probation for a period of 6 months. His probation will

be subject to standard conditions plus 2(b) and 2(c).

The Defendant shall pay the costs, a $35 public service fee, $10 fee to the Adams County Law Enforcement Fund, a fine in the sum of $300, costs of prosecution in the amount of $96.50 payable to Gettysburg Hospital, costs pursuant to Act 198 in the amount of $300 and a $50 surcharge as required by provisions of the Vehicle Code. Licensee's Remand Br., Appx.

See *Glidden* (in order to overcome presumption of validity, licensee must show by clear and convincing evidence that the record was erroneous).

We are persuaded by Licensee. On the DL–21 form, the clerk of courts indicates Licensee was convicted of "DUI: Gen Imp/Inc of Driving Safely—1st Off." Commonwealth Ex. 1 at # 2. The DL–21 form also listed the violation as an ungraded misdemeanor. *Id.* Further, the Bureau stipulated Licensee was sentenced to six months' probation. The only section under which a person convicted of this offense could be sentenced to six months' probation is 75 Pa.C.S. § 3804(a)(1). *See* 75 Pa.C.S. § 3804(e)(2)(iii); *Glidden.* We thus conclude the record supports Licensee's argument that the clerk of courts mistakenly reported he was not sentenced under 75 Pa.C.S. § 3804(a)(1). Therefore, we reject the Bureau's argument that its suspension remains valid because Licensee failed to establish that he was sentenced to the penalties in 75 Pa.C.S. § 3804(a)(1).

Consequently, we hold Licensee, at the time of his 2006 offense, had no prior DUI offenses requiring a suspension of his operating privilege. Further, Licensee met all three requirements of the no-suspension exception in 75 Pa.C.S. § 3804(e)(2)(iii). He was convicted of an ungraded misdemeanor, had no prior DUI offenses and was sentenced to the penalties in 75 Pa.C.S. § 3804(a)(1).

For these reasons, we reverse the trial court's order affirming the Bureau's suspension.

### ORDER

**AND NOW,** this 30th day of June, 2010, the order of the Court of Common Pleas of Adams County affirming the Department of Transportation's one year suspension of Appellant's operating privilege is **RE-VERSED.**