J. S03004/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
  :     PENNSYLVANIA
            v.          :
  :

TYRONE L. FISHER,          :       No. 2722 EDA 2013
  :
             Appellant   :

Appeal from the Judgment of Sentence, September 17, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0010517-2012,
MC-51-CR-0025405-2012

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 30, 2015**

Tyrone L. Fisher appeals, ***pro se***, from the judgment of sentence of September 17, 2013. We affirm the conviction, but vacate the judgment of sentence and remand for re-sentencing.

The facts of this case are as follows. Officer Chris Harrigan testified that on June 22, 2012, at approximately 1:25 a.m., he and his partner were in the area of Bartram Avenue and Island Avenue. (Notes of testimony, 1/22/13 at 8-9.) They were in their police vehicle turning left onto Island Avenue when they observed appellant stopped in the running lanes. (***Id.*** at 9-10.) As they slowed down beside appellant's vehicle, appellant leaned his head out of the window and asked the officers for directions to Island Avenue. (***Id.***) The officers told him it was in front of him. (***Id.*** at

10.) At that point, appellant proceeded down Island Avenue. (***Id.***) The officers ran appellant's license plate number, and the vehicle was reported stolen. (***Id.***)

The officers effectuated a vehicle stop approximately one block away, at Island and Lindbergh. (***Id.*** at 11.) Officer Harrigan asked appellant to step out of the vehicle. (***Id.***) Officer Harrigan placed appellant in handcuffs and explained that the vehicle had been reported stolen. (***Id.***) During a search incident to arrest, Officer Harrigan recovered 51 pink packets containing a white chunky substance, and 16 blue packets containing a green weed substance from appellant's left pants pocket. (***Id.***) The items were tested and came back positive for cocaine and marijuana. (***Id.*** at 22-23.) The parties stipulated that, if called to testify, Ms. Peg McGrory of the Philadelphia Police Department, an expert in the field of narcotics packaging and sales, would testify that the drugs were possessed with the intent to deliver. (***Id.*** at 19.)

Following a bench trial held January 22, 2013, appellant was found guilty of one count each of knowing and intentional possession, and possession with intent to deliver ("PWID"). Appellant was found not guilty of receiving stolen property and unauthorized use of an automobile.[1]

On September 17, 2013, appellant was sentenced to a mandatory minimum sentence of 3 to 6 years' incarceration for PWID, followed by

---

[1] The owner of the vehicle was not called to testify.

2 years of reporting probation for possession. A timely notice of appeal was filed on September 25, 2013. On May 2, 2014, following a **Grazier**[2] hearing, appellant was permitted to proceed **pro se**. Appellant has complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion, requesting that this case be remanded for re-sentencing in light of recent case law holding that 18 Pa.C.S.A. § 7508, the drug trafficking sentencing statute, is unconstitutional.

In his first argument on appeal, appellant claims that the police did not have probable cause for the search. As the Commonwealth observes, this claim is waived because appellant did not litigate a pre-trial suppression motion. (Commonwealth's brief at 6.) **Commonwealth v. O'Black**, 897 A.2d 1234, 1240 (Pa.Super. 2006). Furthermore, the search was incident to a lawful arrest, and the police did not require a warrant or exigent circumstances, as appellant argues. **See Commonwealth v. Gelineau**, 696 A.2d 188, 194-195 (Pa.Super. 1997), **appeal denied**, 705 A.2d 1305 (Pa. 1998) ("A well-recognized exception to the warrant requirement is where the search is conducted incident to arrest.") (citations omitted).

In his second argument on appeal, appellant seems to be arguing that because he was found not guilty of receiving stolen property and unauthorized use of an automobile, he could not be found guilty of the drug charges. This argument is patently meritless. As explained above, appellant

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

was found not guilty of the other charges because the owner of the vehicle did not testify and appellant's hearsay objection to Officer Harrigan's testimony on the issue was properly sustained. (Notes of testimony, 1/22/13 at 13.) In addition, even if the verdict were somehow inconsistent, it would not require reversal. *See Commonwealth v. Carter*, 282 A.2d 375, 376 (Pa. 1971) ("It has long been the rule in Pennsylvania and in the federal courts that consistency in a verdict in a criminal case is not necessary.") (citations omitted).

We note that throughout his brief, appellant misrepresents the record. Appellant claims that after he was pulled over, the passenger, Storm Mason ("Mason"), told Officer Harrigan that the car was not stolen and that it belonged to his girlfriend, Camille Sharrock ("Sharrock"). (Appellant's brief at 9.) Mason told Officer Harrigan he could use his cell phone to call Sharrock to verify this information. (*Id.*) According to appellant, Officer Harrigan then called Sharrock and confirmed that the car was not stolen and that Sharrock had no desire to press charges. (*Id.*) At that point, appellant was told he was free to leave and the handcuffs were removed. (*Id.* at 9, 13-14.) However, another, unidentified police officer then arrived on the scene and told the other officers to search appellant. (*Id.*)

None of this is in the record with the exception of Officer Harrigan's testimony that he did call the owner of the vehicle, who was the passenger's

girlfriend. (Notes of testimony, 1/22/13 at 12-13.) However, Officer Harrigan was not permitted to testify to the contents of that conversation. (*Id.*) There is absolutely nothing in the record to support appellant's characterization that the car was not stolen, that the owner did not wish to press charges, or that he was told he was free to go.[3] In addition, as the Commonwealth points out, regardless of whether the vehicle was actually stolen, the police had reliable information to that effect which provided probable cause for arrest. (Commonwealth's brief at 10.)

Similarly, appellant claims that the receiving stolen property and unauthorized use charges were dismissed prior to trial. (Appellant's brief at 14.) Again, the record belies such a claim. Appellant was found not guilty of those charges, following trial. (Notes of testimony, 1/22/13 at 34.)

In his third issue on appeal, appellant argues that the trial court lacked subject matter jurisdiction to hear the case. Again, the foundation for this ill-conceived argument seems to be that the charges relating to the stolen vehicle were dismissed prior to trial, which is not the case. (Appellant's brief at 20.) Obviously, the Philadelphia Court of Common Pleas had jurisdiction to hear this matter. **See Commonwealth v. Gross**, 101 A.3d 28, 33 (Pa.

---

[3] Appellant attaches an affidavit to his brief, purportedly from Sharrock and dated July 9, 2012. This affidavit does not appear in the certified record and cannot be considered on appeal. **See**, **e.g.**, **Commonwealth v. Walker**, 878 A.2d 887, 888 (Pa.Super. 2005) ("[A]s an appellate court, our review is limited by the contents of the certified record."). At any rate, the affidavit does not help appellant. In it, Sharrock confirms that she reported the car as stolen and that Mason did not have permission to take the car.

2014) ("Jurisdiction relates to the court's power to hear and decide the controversy presented. [A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code.") (citation and quotation marks omitted).

Finally, in his fourth assignment of error, appellant contends that his convictions were "legally insufficient at law." (Appellant's brief at 22.) However, appellant does not present a straightforward sufficiency challenge. Appellant does not argue that the elements of PWID were not met. Rather, appellant bases his argument on the contention that the search and seizure were illegal. (*Id.*) Again, appellant did not raise this issue in the court below, and furthermore, the officers clearly had probable cause to arrest based on information that the vehicle was reported stolen. There is no merit here.

Lastly, we must address the legality of appellant's sentence. The trial court states that 18 Pa.C.S.A. § 7508 has been held unconstitutional pursuant to **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt).

> At the outset, we note that issues pertaining to **Alleyne** go directly to the legality of the sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa.Super.2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18

> A.3d 1242, 1254 n. 8 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law [.] . . . Our standard of review over such questions is de novo and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

**Commonwealth v. Cardwell**, ___ A.3d ___, 2014 WL 6656644 at *1 (Pa.Super. 2014).[4]

The trial court is correct that Section 7508 cannot be constitutionally applied in light of **Alleyne**, resulting in an illegal sentence. **Cardwell**; **Commonwealth v. Fennell**, ___ A.3d ___, 2014 WL 6505791 (Pa.Super. 2014). Therefore, it is necessary to vacate the judgment of sentence and remand for re-sentencing, without the mandatory minimum, consistent with this memorandum.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

---

[4] The Commonwealth notes that appellant has chosen not to brief this issue. (Commonwealth's brief at 4 n.3.) However, it is well established that legality of sentencing issues are non-waivable and can even be raised by this court **sua sponte**. **Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa.Super. 2001) ("So long as jurisdictional requirements are met, [a]n illegal sentence can never be waived and may be reviewed **sua sponte** by this court.") (internal quotation marks and citations omitted); **Commonwealth v. Nieves**, 935 A.2d 887, 888 (Pa.Super. 2007) (a challenge to the application of a mandatory minimum sentence implicates the legality of the sentence which is a non-waivable issue). As such, we are compelled to address it.

J. S03004/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015