**[J-45-2019] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 68 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 801 MDA 2017 dated |
| | : | April 19, 2018 Affirming the Judgment |
| v. | : | of Sentence of the Mifflin County |
| | : | Court of Common Pleas, Criminal |
| | : | Division, at No. CP-44-CR-0000506- |
| MICHAEL A. MOCK, | : | 2016 dated May 1, 2017 |
| | : | |
| Appellant | : | ARGUED:  May 14, 2019 |

**DISSENTING OPINION**

**JUSTICE DONOHUE**                                    **DECIDED:  November 20, 2019**

To reach its desired result in the interpretation of a statute, here the Majority ignores the clear statutory language of 75 Pa.C.S. § 3806, ignores this Court's prior interpretation of this statutory language, and ignores the legislative history of the statute. Thus, I respectfully dissent.

The current version of section 3806 provides as follows:

§ 3806.  Prior Offenses

**(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**(b) Timing.--**

(1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

(ii) on or after the date of the offense for which the defendant is being sentenced.

(2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.

(3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S. § 3806.

The Majority and I agree that section 3806 contains a general rule in subsection 3806(a) that applies to Chapter 38 as a whole and a specific rule in subsection 3806(b) that applies only to certain statutory provisions. Pursuant to the general rule in subsection 3806(a), a "prior offense" is defined as any offense that occurs before sentencing on the current violation.[1] Subsection 3806(b), in contrast, by its express terms pertains to five

---

[1] Section 3817, for example, requires the Department of Transportation to compile an annual report regarding its administration of Chapter 38. 75 Pa.C.S. § 3817. The report must include, among other things, information sorted by county identifying the "number of persons refusing a chemical test sorted by the number of prior offenses." 75 Pa.C.S.

specific sections, including two at issue in this case: section 3803 (relating to grading) and section 3804 (relating to penalties).

In the present case, Mock's first DUI occurred on June 3, 2006 and he was convicted and sentenced for that violation on March 27, 2007, while his second violation occurred on July 10, 2016 and he was sentenced on May 1, 2017. Applying the plain language of section 3806, the June 6, 2006 DUI is a "prior offense" for purposes of subsection 3806(a) because the sentencing took place on March 27, 2007, well before the sentencing on the second violation (May 1, 2017). Because the issue in this case involves grading and sentencing pursuant to sections 3803 and 3804, including in particular the proper calculation of the ten-year "look back" period included in those provisions, subsection 3806(b) governs. The language of subsection 3806(b) provides that "the prior offense **must have occurred** … within 10 years prior to **the date of the offense** for which the defendant is being sentenced… ." 75 Pa.C.S. § 3806(b) (emphasis added). Tracking this language, calculation of the ten-year "look back" period for purposes of subsections 3803 (grading) and 3804 (penalties) requires an "occurrence-to-occurrence" comparison – looking to see whether the first offense "**occurred**" within ten years prior to the date of the **occurrence** of the current DUI (i.e., "the date of the offense for which the defendant is being sentenced"). Mock's first DUI occurred on June 3, 2006 and his second DUI occurred on July 16, 2016. Because the first DUI occurred more than ten years prior to the occurrence of the second DUI, the first DUI is not a "prior offense" for purposes of grading and sentencing under subsections 3803 and 3804.

---

§ 3817(b)(5) (emphasis added). The general definition of "prior offenses" in subsection 3806(a) would apply in this circumstance.

The Majority, however, interprets the language of section 3806 very differently, insisting that the two relevant dates for purposes of grading and sentencing are to be found, **one each**, in subsections 3806(a) and 3806(b). According to the Majority, the date of the prior offense is in subsection 3806(a), namely the date of conviction for which a judgment of sentence has been imposed, whereas the applicable date of the current offense is described in subsection 3806(b) – the "date of the offense for which defendant is being sentenced." Majority Op. at 9. This interpretation ignores the language of subsection 3806(b) in at least two respects. First, subsection 3806(a) begins with the phrase "[e]xcept as set forth in subsection (b)," which clearly reflects that the specific definition of "prior offense" for purposes of, inter alia, grading and sentencing, is to be found in subsection 3806(b), not in subsection 3806(a). Second, as explained hereinabove, subsection 3806(b) identifies both relevant dates for purposes of the "look back" period, as it plainly states that "the prior offense **must have occurred** … within 10 years prior to **the date of the offense** for which the defendant is being sentenced… ."[2]

In *Commonwealth v. Haag*, 981 A.2d 902 (Pa. 2009), this Court interpreted section 3806 in a manner that clearly contradicts the Majority's interpretation. In *Haag*, in which

---

[2] Among the various principles of statutory construction that the Majority's interpretation violates, it fails to treat subsection 3806(a) as a general rule that must give way to a more specific rule when the two conflict with each other. 1 Pa.C.S. § 1933 (entitled "Particular controls general"). The Majority treats subsection 3806(a), the general rule, as playing a coequal role in calculating the "look back" period for grading and sentencing, when the introductory clause to the subsection expressly provides that subsection 3806(b), the specific rule, controls this determination.

we interpreted a prior version of section 3806,[3] we rejected any notion that subsection 3806(a) plays a role in calculating the ten-year "look back" period:

> Section 3806(a) expressly yields to Section 3806(b) when the latter is applicable: "**Except as set forth in subsection (b)....**" 75 Pa.C.S. § 3806(a) (emphasis supplied). Thus, as in the present case, for purposes of imposing sentence under Section 3804, when a sentencing court is required to determine whether there has been a "prior Section 3802 offense" within ten years of another Section 3802 offense, the court **must** apply Section 3806(b).

*Id.* at 906 (emphasis in original). We expressly disfavored prior Superior Court cases that had interpreted section 3806 as the Majority does here, namely cases where "the Superior Court simply disregarded a plain reading of Section 3806(b), relying instead on Section 3806(a) as 'the benchmark for determining when a prior violation is to be a 'prior offense.'" *Id.* at 907 (citing, e.g., *Commonwealth v. Nieves*, 935 A.2d 887 (Pa. Super. 2007)). We rejected this interpretation, stating as follows:

> We hold that Section 3806(b) is, indeed, applicable to the present case and in all similar situations that may arise. In enacting the current DUI statute, the legislature provided, through the deliberate use of a common exception phrase, that subsection (a) is not the end of the inquiry as to how previous violations are to be defined and utilized in making

---

[3] At the time that *Haag* was decided, subsection 3806(b) read as follows:

> **(b) Repeat offenses within ten years.—**The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:
>
> (1) an offense under section 3802; …

75 Pa.C.S. § 3806(b) (amended, Oct. 27, 2014, P.L. 2905, No. 189, § 1). Subsection 3806(a) is unchanged from its current formulation.

grading and sentencing determinations. **By opening subsection (a) with the phrase "[e]xcept as otherwise set forth in subsection (b)," the legislature expressly directed that subsection (b) overrides the application of subsection (a) in circumstances such as those present here.**

*Id.* at 906-07 (emphasis added).

The Majority's attempt to distinguish our prior decision in *Haag* is unconvincing. The Majority insists that *Haag* was decided differently because at that time there was a conflict between subsections 3806(a) and 3806(b). Majority Op. at 10-11. Any such conflict, however, does not explain our prior decision, as in *Haag* we neither identified nor relied upon any conflict when rendering our decision. Instead, we repeatedly stated in *Haag* that our interpretation of the interaction between subsections 3806(a) and 3806(b) was based solely upon the language of the statute itself, including in particular the prefatory language ("[e]xcept as otherwise set forth in subsection (b)") in subsection 3806(a). *Id.* at 906-07.

> [I]n order to determine the proper statutorily-prescribed penalties to impose pursuant to Section 3804, the sentencing court was required, by clear statutory language, to make a necessary antecedent determination of what constituted a "prior offense," by applying the definition of "prior offense" as set forth in Section 3806(b). For purposes of properly sentencing under Section 3804, in order for there to be a "prior offense" under Section 3806(b), there would have had to have been a conviction that occurred within ten years prior to the occurrence of the present Section 3802 offense in question. … **"The plain meaning of the statute affords no other interpretation."** *Commonwealth v. Kimmel*, 565 A.2d 426, 428 (Pa. 1989).
>
> \*     \*     \*
>
> We hold that Section 3806(b) is, indeed, applicable to the present case and in all similar situations that may arise. In enacting the current DUI statute, the legislature provided,

through the deliberate use of a common exception phrase, that subsection (a) is not the end of the inquiry as to how previous violations are to be defined and utilized in making grading and sentencing determinations. By opening subsection (a) with the phrase "[e]xcept as otherwise set forth in subsection (b)," **the legislature expressly directed that subsection (b) overrides the application of subsection (a) in circumstances such as those present here.**

*Id.* at 906-07 (emphasis added). We further indicated that "the legislature does not explain why the Vehicle Code contains different definitions of 'prior offense,'" but noted that "the legislature, for whatever reason, intended that different definitions of 'prior offense' be applied to different circumstances addressed in the Vehicle Code." *Id.* at 906 n.8.

Finally, the Majority unsurprisingly fails to consider the legislative history of section 3806, which weighs strongly in favor of Mock's' interpretation of the statute. Since 2004, the General Assembly has amended section 3806 on three occasions. Subsection 3806(a) has remained relatively unchanged over this period, with the vast majority of the modifications coming to subsection 3806(b) in repeated efforts to identify the dates for measuring the "look back" period for, inter alia, grading and sentencing purposes.[4] In 2004, subsection 3806(b) was amended as follows:

> **(b) Repeat offenses within ten years.—**The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any **conviction**, adjudication of delinquency, juvenile consent decree,

---

[4] In 2016, the General Assembly modified the general rule in subsection 3806(a) slightly to indicate that the subsection refers to convictions for which a judgment of sentence has been imposed. As explained herein, however, this is a distinction without a difference in the present case. The General Assembly did **not** remove the introductory language in subsection 3806(a), which expressly directs that the subsection has **no** applicability to the definition of "prior offense" for sentencing and grading purposes, which are instead determined solely from the language of subsection 3806((b). *Haag*, 981 A.2d at 906-07.

acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation **occurred** for any of the following:

(1) an offense under section 3802 …

75 Pa.C.S. § 3806(b) (amended, Oct. 27, 2014, P.L. 2905, No. 189, § 1) (emphasis added). In 2014, the General Assembly amended subsection 3806(b) to provide:

**(b) Repeat offenses within ten years.—**The calculation of prior offenses for purposes of sections 1553(d.2)(relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any **conviction**, whether or not judgment of sentence has been imposed for the violation, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the **sentencing** on the present violation for any of the following:

(1) an offense under section 3802 …

75 Pa.C.S. § 3806(b) (amended, May 25, 2016, P.L. 236, No. 33, § 5) (emphasis added).

Finally, in 2016, the General Assembly amended the statute again, to its present form.

**(b) Timing.--**

(1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have **occurred**:

(i) within 10 years prior to the date of the offense for which the defendant is being **sentenced**…

75 Pa.C.S. § 3806(b) (emphasis added).

Careful review of these various versions of this provision makes clear that the General Assembly has always understood that **both** of the relevant dates for calculating the "look back" period for purposes of grading and sentencing are located in subsection

3806(b), and to revise these dates requires manipulation of the statutory language in subsection 3806(b). The 2004 version set a "conviction to occurrence" measurement, defining the "look back" period as a measurement of the date of any prior "conviction … within the ten years before the present violation occurred." The 2014 version modified the measurement of the "look back" period to require a "conviction to sentencing" comparison, keeping the word "conviction" but replacing "occurred" with "sentencing" (requiring that the prior conviction be "within the ten years before the **sentencing** on the present violation"). Finally, the 2016 version sets an "occurrence to occurrence" measurement, amending the statutory text by removing the word "conviction" and adding two references to the dates on which the two DUIs occurred ("the prior offense must have occurred … within 10 years prior to the date of the [current] offense"). In each instance, the General Assembly modified the measurement of the "look back" period for grading and sentencing purposes by amending subsection 3806(b).

Despite the Majority's attempts to distinguish our 2009 opinion in *Haag*, our decision in that case was clear: to determine grading and sentencing in the DUI context, the "clear statutory language" required the trial court to make a "necessary antecedent determination of what constituted a 'prior offense,' by applying the definition of 'prior offense' as set forth in Section 3806(b) because "[b]y opening subsection (a) with the phrase '[e]xcept as otherwise set forth in subsection (b),' the legislature expressly directed that subsection (b) overrides the application of subsection (a) in circumstances such as those present here." *Haag*, 981 A.2d at 906-07. The General Assembly is presumed to be aware of the construction of statutes by this Court. *City of Philadelphia v. Clement & Muller, Inc.*, 715 A.2d 397, 399 (Pa. 1998); *see also Commonwealth v. Ramos*, 83 A.3d

86, 91 (Pa. 2013) ("[W]e also presume that when enacting legislation, the General Assembly is familiar with extant law."). As such, in light of our decision in *Haag*, if the General Assembly intended for subsection 3806(a) to play any role in the measurement of the "look back" period for the grading and sentencing of DUI offenses, it would have removed the introductory phrase "[e]xcept as otherwise set forth in subsection (b)," from subsection 3806(a) as part of the 2014 and/or 2016 amendments. Of course, it did not do so, and thus we must assume that the legislature agreed with our interpretation in *Haag* regarding the interplay between subsections 3806(a) and 3806(b).

For these reasons, I dissent.