J-S68004-17

2018 PA Super 90

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MICHAEL A. MOCK :
:
Appellant : No. 801 MDA 2017

Appeal from the Judgment of Sentence May 1, 2017
In the Court of Common Pleas of Mifflin County Criminal Division
at No(s): CP-44-CR-0000506-2016

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.*

DISSENTING OPINION BY STRASSBURGER, J.:

**FILED APRIL 19, 2018**

Because the Majority erred in its interpretation of the plain language of

75 Pa.C.S. § 3806, I respectfully dissent.

As explained by the Majority, Mock was convicted of driving under the

influence (DUI) – highest rate pursuant to 75 Pa.C.S. § 3802(c). The grading

and sentencing for violations of subsection 3802(c) depend on whether the

individual has committed prior offenses. If the individual does not have any

prior offenses, a violation of subsection 3802(c) constitutes a misdemeanor

with a maximum sentence of six months' imprisonment and a mandatory

minimum sentence of not less than 72 consecutive hours' imprisonment and

a fine between $1,000 and $5,000. 75 Pa.C.S. §§ 3803(b)(2), 3804(c)(1)(i),

(ii). If the individual has "one or more prior offenses," the violation of

---

*Retired Senior Judge assigned to the Superior Court.

subsection 3802(c) constitutes a misdemeanor of the first degree, which carries a maximum sentence of five years, and a mandatory minimum sentence of at least 90 days' imprisonment and a fine of $1,500. 75 Pa.C.S. §§ 3803(b)(4), 3804(c)(2)(i), (ii); 18 Pa.C.S. § 1104(1).

To determine what constitutes a prior offense for the purposes of grading and sentencing, courts must turn to section 3806.

**§ 3806.  Prior offenses**

(a) General rule.--**Except as set forth in subsection (b)**, the term "prior offense" as used in this chapter shall mean **any conviction for which judgment of sentence has been imposed … before the sentencing on the present violation** for any of the following:

> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

> ***

(b) Timing.—

> (1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), **3803 (relating to grading), 3804 (relating to penalties)** and 3805 (relating to ignition interlock), **the prior offense must have occurred**:

> > (i) within 10 years prior to the **date of the offense** for which the defendant is being sentenced; or

> > (ii) on or after the date of the offense for which the defendant is being sentenced.

> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.

(3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S. § 3806 (emphasis added).

Both the Majority and I agree that subsection 3806(a) constitutes a general rule that applies to Chapter 38 of the Vehicle Code as a whole, and subsection 3806(b) constitutes a specific rule that applies to the sections enumerated therein, including section 3803 (relating to grading) and section 3804 (relating to penalties). **See** Majority Memorandum at 5; **see also Commonwealth v. Haag**, 981 A.2d 902, 905 (Pa. 2009) (interpreting a prior version of section 3806 in the same manner).

Nevertheless, the Majority concludes that the language of the general rule "'[e]xcept as set forth in subsection (b)' appearing at the beginning of subsection (a) does not alter, for purposes of subsection (b), the essential definition of 'prior offense' as being the disposition (*i.e.* conviction for which judgment of sentence has been imposed, *et al.*) rather than the actual commission of the offense." Majority Memorandum at 5. According to the Majority, the only effect subsection 3806(b) has on subsection 3806(a) is to incorporate a ten-year time limitation. **Id.** at 6. In my view, the plain language of section 3806 dictates otherwise.

The general rule in subsection 3806(a) is limited by the exclusionary phrase, "except as set forth in subsection (b)." Our Supreme Court has interpreted this exclusionary phrase to mean that "[subs]ection 3806(a)

- 3 -

expressly yields to [subs]ection 3806(b) when the latter is applicable…."[1] ***Haag***, 981.A.2d at 906. In other words, our Supreme Court has made clear that by using the phrase "[e]xcept as set forth in subsection (b)," our legislature intended to set forth limitations in subsection 3806(b) that alter the general definition of "prior offense" set forth in subsection 3806(a) for purposes of sentencing and grading. ***Id.*** at 907. The legislature has done so even though "the courts may have occasion to apply the provisions of [subs]ection 3806(b) much more frequently than the "[g]eneral [r]ule" of [subs]ection 3806(a)." ***Id.*** at 907 n.10. Therefore, the Majority, which does not discuss ***Haag*** and cites it only for the standard of review, is incorrect in concluding that subsection 3806(b) has no effect on subsection 3806(a) except for the incorporation of a ten-year time period.

I now turn to the specific rule set forth in subsection 3806(b). In contrast to subsection 3806(a), which requires courts to use "any conviction for which judgment of sentence has been imposed" without any limitations on timing so long as the conviction occurs "before the sentencing on the present violation…," subsection 3806(b) narrows the window to include only offenses occurring in certain periods. 75 Pa.C.S. § 3806(a), (b). Specifically, to constitute a "prior offense" for grading and sentencing purposes, the prior offense "**must have occurred** … within 10 years prior to the date of the

---

[1] The Court interpreted a prior version of the statute in ***Haag***, but the prior version contained the same exclusionary phrase in subsection 3806(a) as the current version.

offense for which the defendant is being sentenced…." ***Id.*** at § 3806(b)(1)(i) (emphasis added). In other words, in general when a court is tasked with determining whether an individual has a prior offense, the court must look only to see if the individual has been convicted of a section 3802 violation at any point prior to sentencing on the current section 3802 offense. But for purposes of sentencing, grading, or any of the other three sections enumerated in subsection 3806(b), the court must look not only to see if the individual has been convicted of a section 3802 violation at any point prior to sentencing on the current section 3802 offense, but it must also use the timing subsection to determine if the individual committed the prior offense sometime within the 10 years before the individual committed the subsequent offense.

Here, Mock's DUIs occurred on June 3, 2006, and July 10, 2016. He was convicted of the June 3, 2006 DUI prior to his sentencing for the July 10, 2016 DUI. Thus, under the general rule, his June 3, 2006 DUI is a prior offense. ***See*** 75 Pa.C.S. § 3806(a) ("Except as set forth in subsection (b), the term 'prior offense' as used in this chapter shall mean any conviction for which judgment of sentence has been imposed … before the sentencing on the present violation for … an offense under section 3802[.]"). However, our analysis cannot stop there; we also have to consider the timing restrictions set forth in subsection 3806(b). Because his prior conviction stemmed from a DUI that occurred more than 10 years before the date of the offense for

which he was being sentenced, for purposes of grading, sentencing, and the three other sections not at issue, his June 3, 2006 DUI cannot constitute a prior offense. *See* 75 Pa.C.S. § 3806(b) ("For purposes of sections … 3803 (relating to grading) [and] 3804 (relating to penalties) …, the prior offense must have occurred … within 10 years prior to the date of the offense for which the defendant is being sentenced[.]").

By interpreting section 3806 to include Mock's June 3, 2006 DUI, the Majority ignores the plain language of the specific timing restriction set forth in subsection 3806(b)(1)(i), which requires us to consider only convictions that stem from prior offenses that "have **occurred** … within 10 years prior to the date of the offense for which the defendant is being sentenced." 75 Pa.C.S. § 3806(b)(1)(i) (emphasis added). Given that the legislature has changed repeatedly the parameters for the look-back period in different revisions of subsection 3806(b), I must assume its decision to use the word "occurred" in the current version was deliberate. ***Compare*** 75 Pa.C.S. § 3806(b) (enacted May 26, 2016) (referring to a prior offense that "must have occurred … within 10 years prior to the date of the offense for which the defendant is being sentenced…" – *i.e.*, occurrence to occurrence) **with id.** (effective November 29, 2004 to December 25, 2014) (referring to "any conviction … within the ten years before the present violation occurred" – *i.e.*, conviction to occurrence) ***and id.*** (effective December 26, 2014 to May 24, 2016) (referring to "any conviction, whether or not judgment of sentence has

been imposed for the violation … within the ten years before the sentencing on the present violation…" – *i.e.*, conviction to sentencing).

We must interpret the statute as written. Therefore, based upon the plain language of the statute, Mock does not have a prior offense for purposes of grading and sentencing, and his judgment of sentence imposing enhanced penalties should be vacated.