**[J-76-2022] [MO: Donohue, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| JOSE L. VELLON, | : | No. 39 MAP 2022 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court dated |
| | : | September 10, 2021 at No. 117 CD |
| v. | : | 2020 Affirming the Order of the |
| | : | Court of Common Pleas of York |
| | : | County, Civil Division, dated |
| COMMONWEALTH OF PENNSYLVANIA, | : | December 30, 2019 at No. 2017-SU- |
| DEPARTMENT OF TRANSPORTATION, | : | 003297 |
| BUREAU OF DRIVER LICENSING, | : | |
| | : | SUBMITTED: October 14, 2022 |
| Appellee | : | |

## CONCURRING OPINION

**JUSTICE MUNDY**                                                  **DECIDED: April 19, 2023**

I agree that the Commonwealth Court's order should be reversed, but I reach that conclusion based on an interpretation of Section 3806(b)(3) of the Vehicle Code which differs modestly from that of the majority.

The majority reasons it would be arbitrary for two similarly-situated defendants, one of whom is sentenced for two DUI convictions on the same day, and the other of whom is sentenced for two DUI convictions on different days, to have different license suspensions. *See* Majority Op. at 16. As explained below, I agree with this precept, but I differ with the conclusion that this means the phrase "two or more offenses," as it appears in 3806(b)(3), applies to multiple sentences imposed before the current sentencing proceeding. *See id.* at 17 & n.9. In my view, that reading renders the provision of no effect, which is contrary to our rules of interpretation. *See* 1 Pa.C.S. §§ 1921(a), 1922(2); *Commonwealth v. McClelland*, 233 A.3d 717, 734 (Pa. 2020).

In relevant part, Section 3806 states:

**(a) General rule.**--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, . . . before the sentencing on the present violation for any of the following:

> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance); . . .

**(b) Timing.**--

> (1) . . . the prior offense must have occurred: (i) within the past 10 years prior to the date of the offense for which the defendant is being sentenced; or (ii) on or after the date of the offense for which the defendant is being sentenced.
>
> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.
>
> (3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S. § 3806.

As can be seen, the general rule set forth in 3806(a) already covers the circumstance where there were two sentences imposed on the same day in the past. It indicates "the term 'prior offense' . . . shall mean *any* conviction for which judgment of sentence *has been* imposed[.]" 75 Pa.C.S. § 3806(a) (emphasis added). The phrase, "has been imposed," refers to the past imposition of a sentence, and the word "any" is universal. Thus, it refers to all convictions in the past for which sentence has already been imposed, including multiple offenses for which a sentence was imposed on the same day. This reading is bolstered because paragraphs (b)(1)(i) and (ii) refer to the current sentence as "the offense for which the defendant *is being* sentenced" (emphasis added), and the present tense is also used in paragraph (b)(3), which describes a

situation where "the defendant *is* sentenced for two or more offenses in the same day" (emphasis added).

With that said, like the majority I find it unlikely the General Assembly intended for the length of a license suspension to depend on the fortuity of whether the defendant is sentenced for two convictions on the same day or on different days. As aptly developed by the majority, it is hard to see how that distinction serves any valid governmental purpose, *see* Majority Op. at 16, and such a construction is disfavored as it raises equal-protection difficulties. *See Harrisburg Sch. Dist. v. Zogby*, 828 A.2d 1079, 1088 (Pa. 2003) (noting that, under the Equal Protection Clause, differential treatment must "bear a reasonable relationship to a legitimate state purpose"); *see also* 1 Pa.C.S. § 1922(3) (reflecting a presumption that the General Assembly does not intend to violate the state or federal charters).

At the same time, the statutory text does appear to reflect a legislative directive that, at a minimum, a person being sentenced simultaneously on two DUIs should not be considered to have no priors for either of them. *Accord Vellon v. PennDOT*, 263 A.3d 679, 687 (Pa. Cmwlth. 2021); *see also* Majority Op. at 17 (expressing the provision precludes "a volume discount on multiple same day sentences"). Consequently, the most logical *result* is that, where the driver is sentenced for two or more DUIs on the same day, the first DUI is prior to the second and subsequent DUIs, but they are not prior to the first. Further, the statutory text is so unclear as to defy any confident interpretation on its own terms. *See Commonwealth v. Haag*, 981 A.2d 902, 906 (Pa. 2009) (observing Section 3806 "has resisted plain interpretation . . . in several Superior Court decisions"). This is primarily because the word "prior," a relative term, is given no temporal reference point, and the offenses for which sentence is imposed on the same day are described in the aggregate as "prior offenses" and not otherwise differentiated.

It is not unknown for a statute to contain words which are contrary to legislative intent. Where such text is clear and unambiguous, we are generally not at liberty to overlook the plain wording in deference to what the Legislature clearly *meant* to say. *See Burke ex rel. Burke v. Independence Blue Cross*, 103 A.3d 1267, 1273-74 (Pa. 2014). Here, however, the text is, in my view, insolubly ambiguous. Under these unusual circumstances, I favor a construction according to what the Legislature appears to have intended. *See* 1 Pa.C.S. § 1921(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."). In my view, the Legislature appears, in this instance, to have intended for paragraph 3806(b)(3) to apply to the present sentencing proceeding, and for the first offense to be "prior" to the second and subsequent offenses, but not *vice versa*.

Accordingly, I respectfully concur in the majority's decision to reverse the order of the Commonwealth Court.

Justice Dougherty joins this concurring opinion.